HARVEY THOMAS, JR., *vs.* PATRICK MULLAIN.

Where facts found are strong evidence of fraud, but do not necessarily prove it, this court can not, as a matter of law, infer fraud. The question is one of fact to be decided as such by the court below.

ASSUMPSIT on a note; brought to the District Court for Litchfield County, and tried to the court, on the general issue, with notice of fraud, before *Foster, J.* Facts found and judgment rendered for the plaintiff, and motion in error by the defendant. The case is sufficiently stated in the opinion.

*W. Cothren,* for the plaintiff in error.

*S. A. York*, with whom was *J. S. Turrill*, for the defendant in error.

CARPENTER, J. The consideration of the note in suit was a horse sold by the plaintiff to the defendant. The defense is fraud in the sale of the horse. The court below, upon a special finding of facts, rendered judgment for the plaintiff. The defendant filed a motion in error.

The substance of the finding is as follows: The plaintiff claimed and stated that the horse was five years old, perfectly sound, and kind and gentle to work double with another horse, but required some breaking to be driven singly; that the horse had not been broken to drive singly, but could be easily so broken. At the time of the sale and the execution of the note, the plaintiff made and gave to the defendant the following writing:

"Southford, May 15th, 1874. I, Harvey Thomas, Jun., have sold a bay horse to Patrick Mullain. I warrant the said horse this day to be sound and not to be over six years old.

Harvey Thomas, Jun."

The horse was not over six years old, was sound, and would work well with another horse, but was unbroken to work singly; and was entirely unfit and unsafe to be driven singly; and when so driven, would bolt from the road and run against the fences, and could not be controlled; all of which the plaintiff well knew at the time of the sale of the horse.

The record does not clearly show what question was made and ruled adversely to the defendant in the court below; so that there is some doubt whether parol evidence tending to prove fraud was excluded in consequence of the written warranty, or received and found to be insufficient to establish fraud. If the former, the ruling was clearly erroneous, as fraud and the written contract might well subsist together. But we are inclined to regard the latter as the correct interpretation of the record. As the facts relating to the transaction are minutely stated, we think the evidence bearing upon the question of fraud must have been received and considered by the court. If so the only question which the record pre-

sents for our consideration is, whether the facts stated are legally equivalent to a direct finding of fraud. It is not pretended that fraud is expressly found.

The record continues:—Upon the facts aforesaid the defendant claimed that a clear case of fraud or fraudulent representation, known to the plaintiff to be false and fraudulent, was made out, and that the same was sufficient to establish the fact that no consideration for said note was received by the defendant, and that therefore the court ought to render judgment for the defendant. That the giving of a written warranty as to part of the representations made by the plaintiff, known by him to be true, while the other representations which helped to induce the purchase of the horse, known by the plaintiff to be false, were not also included in the writing or warranty, was in itself a trick, and conclusive evidence of fraud on the part of the plaintiff, such as to warrant the court in giving judgment for the defendant.

All this relates to the weight of the evidence, and is, in substance, a request that the court, upon the facts stated, would find fraud. But the court took a different view of it and virtually found that there was no fraud.

We must confess that the facts and circumstances of the case afford strong evidence of fraud; and if the court below had so found, the result would have been quite as satisfactory to us. Indeed it is quite possible that by refusing so to find injustice was done. But the difficulty is that we are unable to see how, consistently with established principles, we can reverse the judgment. We cannot disturb the judgment upon a question of fact; and actual fraud in the sale of a chattel is a question of fact. It is true the law will sometimes infer fraud from the facts stated; but that is where they show conclusively the existence of the fraud.

The facts stated in this case do not necessarily prove that fraud exists. No complaint is made of the age or soundness of the horse. The plaintiff represented that he would work well with another horse, and that was true. He stated that he had not been broken to drive alone, and of that the defendant cannot complain. He further stated that he could "be

easily so broken." That did not prove to be so. But that was a matter which the plaintiff could not know, unless he, or some one to his knowledge, had tried the experiment; and no such fact appears in the case. It was at best a matter of opinion, and the defendant probably so understood it and so received it. Of its correctness the defendant himself could judge—possibly as well as the plaintiff. The fact that the horse was entirely unfit and unsafe to be driven singly, and that when so driven he would bolt from the road and run against the fences and could not be controlled, may prove that he was mistaken, but does not necessarily prove an intentional misrepresentation. The plaintiff's knowledge that the horse in his unbroken condition was uncontrollable falls short of proving that he knew that he could not "be easily broken." It is possible that an untrained horse will act as this one did and yet yield readily to the training process.

Fraud is not directly found, and a majority of the court are of the opinion that the facts found do not necessarily show fraud. Consequently we cannot reverse the judgment.

In this opinion the other judges concurred; except PARK, C. J., who thought a different construction might be given to the finding of the court below.